| INN - PROB 22 Rev. 05/04 | MAGISTRATE JUDGE DENLOW TRANSFER OF JURISDICTION | | DOCKET NUMBER *(Tran. Court)* 0755 2:05CR00129 |
|---|---|---|---|
| | | | DOCKET NUMBER *(Rec. Court)* |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE Shawn Lemonte Calhoun | DISTRICT Northern District Of Indiana | | DIVISION Hammond |
| | NAME OF SENTENCING JUDGE Honorable James T. Moody | | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM August 17, 2006 | TO August 16, 2009 |
| OFFENSE BANK FRAUD | | | |

RECEIVED
MAR
JUDGE MOODY'S CHAMBERS
HAMMOND, INDIANA

RECEIVED
APR 1 1 2008
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

08CR 323

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
BY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APR 2 1 2008

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Northern District of Illinois ( Chicago Division) _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____ March 31, 2008 _____      _____ [signature] _____
Date                                United Sates District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern _____ DISTRICT OF _____ Illinois _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED
APR 29 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_____ APR 1 5 2008 _____      _____ James F. Holderman _____
Effective Date                    United States District Judge

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

312-435-5698

United States District Court
Northern District of Indiana
Office of the Clerk
United States Courthouse,
Suite 2300
5400 Federal Plaza
Hammond, IN 46320

F I L E D

APR     2008
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Dear Clerk:

**Re:**   0755  2:05CR00129   USA v. Shawn Lemonte Calhoun   Judge James T. Moody

Our Case Number:   08 CR 323   -   Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

F I L E D

APR 2 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Sincerely,

Michael W. Dobbins
Clerk

by: _____
Marsha E. Glenn
Deputy Clerk

Enclosure

**TERMED**

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
### CRIMINAL DOCKET FOR CASE #: 2:05-cr-00129-JTM-PRC All Defendants
### Internal Use Only

Case title: United States of America v. Calhoun

Date Filed: 08/18/2005
Date Terminated: 08/17/2006

Assigned to: Senior Judge James T Moody
Referred to: Magistrate Judge Paul R Cherry

### Defendant (1)

**Shawn L Calhoun**
*TERMINATED: 08/17/2006*

represented by **Clark W Holesinger**
Law Office of Clark W Holesinger
334 W 806 N
Valparaiso, IN 46385
219-763-7246
Fax: 219-548-3368
Email: clark.334@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: [signature]
DEPUTY CLERK
Date: 4/24/08

### Pending Counts

BANK FRAUD
(2)

### Disposition

The defendant is sentenced to probation for a term of 3 years. The defendant shall make restitution in the amount of $2,800.00 to U.S. Bank. Special Assessment $100.00

### Highest Offense Level (Opening)
Felony

### Terminated Counts

### Disposition

| 18:1343 FRAUD BY WIRE (1) | Dismissed |

## Highest Offense Level (Terminated)

Felony

## Complaints

None

## Disposition

## Plaintiff

| United States of America | represented by | **Philip Craig Benson - AUSA**<br>US Attorney's Office - Ham/IN<br>5400 Federal Plaza Suite 1500<br>Hammond, IN 46320<br>219-937-5500<br>Fax: 219-852-2770<br>Email: philip.benson@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2005 | 1 | SEALED INDICTMENT as to Shawn L Calhoun (1) count(s) 1, 2. (kjp, ) Additional attachment(s) added on 9/8/2005 (efc, ). (Entered: 08/22/2005) |
| 08/19/2005 | 2 | Sealed Arrest Warrant Issued in case as to Shawn L Calhoun. (kjp, ) (Entered: 08/22/2005) |
| 09/08/2005 |  | Arrest of Shawn L Calhoun (smb) (Entered: 09/08/2005) |
| 09/08/2005 |  | Judge update in case as to Shawn L Calhoun. Judge Paul R Cherry added. Case unsealed as to Shawn L Calhoun (smb) (Entered: 09/08/2005) |
| 09/08/2005 | 3 | Arrest Warrant Returned Executed on 9/8/05 in case as to Shawn L Calhoun. (kjp, ) (Entered: 09/12/2005) |
| 09/08/2005 |  | Arrest of Shawn L Calhoun (smb) (Entered: 09/13/2005) |
| 09/08/2005 | 4 | Initial Appearance as to Shawn L Calhoun held on 9/8/2005 before Magistrate Judge Paul R Cherry. Defend in person w/out cnsl. Govt by AUSA P Benson. E Johnston USPT present. Defend adv rights, charges, penalties. Court grants Defend request for apt of cnsl-CJA23 |

| | | |
|---|---|---|
| | | Fin Aff on file. Clerk directed to notify Fed Comm Defender for apnt of cnsl. No objection to pretrial release w/supervision. Arraignment set for 9/19/2005 10:30 AM in Hammond before Magistrate Judge Paul R Cherry. (#Digitally Recorded.) (smb) (Entered: 09/13/2005) |
| 09/08/2005 | ●5 | Appearance Bond Entered as to Shawn L Calhoun in amount of $ 20,000 unsecured, (smb) (Entered: 09/15/2005) |
| 09/08/2005 | ●6 | ORDER Setting Conditions of Release. Signed by Judge Paul R Cherry on 9/8/05. (smb) (Entered: 09/15/2005) |
| 09/13/2005 | ●7 | CJA 20 as to Shawn L Calhoun: Appointment of Attorney Clark W Holesinger for Shawn L Calhoun. By Judge Paul R Cherry on 9/13/05. (smb) (Entered: 09/15/2005) |
| 09/19/2005 | ●8 | Arraignment as to Shawn L Calhoun (1) Count 1,2 held on 9/19/2005 before Magistrate Judge Paul Cherry. Defend in person w/cnsl C Holesinger. AUSA P Benson. Defend adv rights, charges, penalties- NOT GUILTY plea entered. Pretrial Motions due by 10/19/2005. Jury Trial set for 11/14/2005 09:00 AM in Hammond before Senior Judge James T Moody. Final Pretrial Conference set for 11/4/2005 02:15 PM in Hammond before Magistrate Judge Paul R Cherry. Trial Management Order attached. (#Digitally Recorded.) (smb) (Entered: 09/22/2005) |
| 11/01/2005 | ●9 | MOTION to Continue *Trial and Final Pretrial* by Shawn L Calhoun. (Holesinger, Clark) (Entered: 11/01/2005) |
| 11/02/2005 | ●10 | NOTICE OF HEARING ON MOTION in case as to Shawn L Calhoun 9 MOTION to Continue Trial and Final Pretrial: Motion Hearing set for 11/4/2005 02:15 PM in Hammond before Magistrate Judge Paul R Cherry which will require the presence of counsel only. (smb) (Entered: 11/02/2005) |
| 11/04/2005 | ●11 | MOTION HEARING as to Shawn L Calhoun held on 11/4/2005 re 9 MOTION to Continue Trial and Final Pretrial filed by Shawn L Calhoun before Judge Paul R Cherry. Government appeared by AUSA P Benson. Defendant appeared by attorney C Holesinger. Comments presented-no objection to the motion. Motion will be granted by separate written order. (#Digitally Recorded.) (smb) (Entered: 11/07/2005) |
| 11/07/2005 | ●12 | ORDER granting 9 Motion to Continue as to Shawn L Calhoun (1). Jury Trial reset for 2/13/2006 09:00 AM in Hammond before Senior Judge James T Moody. Final Pretrial Conference reset for 2/3/2006 09:00 AM in Hammond before Magistrate Judge Paul R Cherry. Signed by Judge Paul R Cherry on 11/7/05. (kjp, ) (Entered: 11/07/2005) |
| | | |

| | | |
|---|---|---|
| 02/02/2006 | ●13 | MOTION to Continue by Shawn L Calhoun. (Holesinger, Clark) (Entered: 02/02/2006) |
| 02/03/2006 | ●14 | PRETRIAL CONFERENCE as to Shawn L Calhoun held on 2/3/2006 before Judge Paul R Cherry. Government appeared by AUSA P Benson. Defendant appeared by attorney C Holesinger. Court continues the Final Pretrial Conference generally w/out new date pending ruling on defense motion to continue trial. (smb) (Entered: 02/03/2006) |
| 02/07/2006 | ●15 | ORDER granting 13 Motion to Continue as to Shawn L Calhoun (1). Pretrial filings due by 5/1/2006. Jury Trial reset for 5/8/2006 09:00 AM in Hammond before Senior Judge James T Moody. Final Pretrial Conference reset for 5/1/2006 01:00 PM in Hammond before Magistrate Judge Paul R Cherry. Signed by Judge Paul R Cherry on 2/7/06. (kjp, ) (Entered: 02/08/2006) |
| 05/01/2006 | ●16 | PLEA AGREEMENT as to Shawn L Calhoun (Benson, Philip) (Entered: 05/01/2006) |
| 05/03/2006 | ●17 | NOTICE OF HEARING as to Shawn L Calhoun: Change of Plea Hearing set for 5/4/2006 at 11:30 AM in Hammond before Senior Judge James T Moody. (efc, ) (Entered: 05/03/2006) |
| 05/04/2006 | ●18 | CHANGE OF PLEA HEARING as to Shawn L Calhoun held on 5/4/2006 before Judge James T Moody. Government appeared by attorney Philip Benson. Defendant appeared by attorney Clark Holesinger. Laura Daniels appeared on behalf of U S Probation/Pretrial Services. Plea entered by Shawn L Calhoun (1): Guilty as to Count 2; The Court accepts the guilty plea and the defendant is adjudged guilty of the offense charged in Count 2 of the Indictment. This matter is referred to U S Probation to prepare a Presentence Investigation Report (PSI). The Court delays its decision on acceptance/rejection of the plea agreement pending review of the PSI. Sentencing set for 8/3/2006 at 11:00 AM in Hammond before Senior Judge James T Moody. (Court Reporter Gay Dall) (efc, ) (Entered: 05/04/2006) |
| 07/25/2006 | ●19 | NOTICE OF HEARING as to Shawn L Calhoun: Sentencing reset for 8/17/2006 at 11:00 AM in Hammond before Senior Judge James T Moody. (efc, ) (Entered: 07/25/2006) |
| 08/15/2006 | ●20 | MOTION for Downward Departure *Pursuant to Guideline Section 5K1.1 and 18 U.S.C. 3553(e)* by United States of America as to Shawn L Calhoun. (Benson, Philip) (Entered: 08/15/2006) |
| 08/17/2006 | ●21 | SENTENCING held on 8/17/2006 for Shawn L Calhoun (1) before Judge James T Moody. Govt appeared by atty Philip Benson. Dft appeared by atty Clark Holesinger. Laura Daniels appeared on behalf |

| | | |
|---|---|---|
| | | of U S Probation/Pretrial Services. The Court accepts the plea agreement. The Court grants 20 MOTION for Downward Departure Pursuant to Guideline Section 5K1.1 and 18 U.S.C. 3553(e) filed by United States of America. Count(s) 2: The defendant is sentenced to probation for a term of 3 years. The defendant is ordered to make restitution in the amount of $2,800.00 to U.S. Bank. The restitution shall be paid in full immediately, payable to the Clerk of the Court for transfer to U.S. Bank. Special Assessment $100.00. The Government moves to dismiss Count 1 of the Indictment; Granted. (Court Reporter Julie Churchill-Mickley.) (efc, ) (Entered: 08/17/2006) |
| 08/17/2006 | 22 | MOTION to Dismiss *Count 1 of the Indictment* by United States of America as to Shawn L Calhoun. (Benson, Philip) (Entered: 08/17/2006) |
| 08/17/2006 | 23 | JUDGMENT as to Shawn L Calhoun (1). Signed by Judge James T Moody on 8/17/06. (efc, ) (Entered: 08/17/2006) |
| 08/21/2006 | 24 | ORDER FOR DISMISSAL of Count 1 of the Indictment pursuant to FRCrimP 48(a) granting 22 Motion to Dismiss as to Shawn L Calhoun (1). Signed by Judge James T Moody on 8/21/06. (efc, ) (Entered: 08/21/2006) |
| 03/31/2008 | 25 | ORDER TO TRANSFER JURISDICTION as to Shawn L Calhoun to the USDC, ND of Illinois.. Signed by Senior Judge James T Moody on 3/31/08 and awaiting signature of accepting court. (originals to USPO) (sda) (Entered: 04/01/2008) |
| 04/21/2008 | 26 | Probation Jurisdiction Transferred to Northern District of Illinois (THEIR CASE NUMBER 08-CR-312) as to Shawn L Calhoun. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 Letter requesting document from USDC ND of IL)(sda) (Modified BY ADDING THEIR CASE NUMBER on 4/24/2008) (sda). (Entered: 04/21/2008) |
| 04/24/2008 | 27 | Probation Jurisdiction Transferred to Northern District of Illinois (THEIR CASE NUMBER 08-CR-323) as to Shawn L Calhoun. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 Letter requesting documents from USDC ND of IL)(sda) (Entered: 04/24/2008) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**FILED**
AUG 18 2005
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CAUSE NO: 2:05CR129 |
| v. ) | |
| ) | 18 U.S.C. § 1343 |
| SHAWN L. CALHOUN ) | 18 U.S.C. § 1344 |

**INDICTMENT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 4/24/08

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>

**A.   INTRODUCTION**

1. US Bank was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2. US Bank was a financial institution insured by the Federal Deposit Insurance Corporation (FDIC).

3. The defendant, Shawn L. Calhoun, had a checking account at US Bank located in the State of Illinois. Furthermore, Shawn L. Calhoun had a US Bank debit card for this account.

4. Horseshoe Casino was a gambling casino located in Hammond, Indiana.

5. Global Payments, was a business based in Atlanta, Georgia, and was engaged in interstate commerce. Global Payments, processed and cleared electronic fund transfers for various

1

#1

banks and other facilities located throughout the United States.

6. All processing and clearing of electronic fund transfers by Global Payments which were done for Horseshoe Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana, and across various state boundary lines.

7. As part of the routine course of business at Horseshoe Casino, individuals wishing to gamble could obtain a cash advance on either their credit card, or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9. To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10. With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (i.e. requested cash amount). This electronic data would then be transferred by wire in interstate commerce from the State of Indiana to the outside the State of Indiana to Global Payments. Global Payments, would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Payments, would either approve or disapprove the request. This approval or denial was then wired across state lines, back to the Horseshoe Casino in the State of Indiana.

11. If approved, the amount of the credit card advance or debit card withdrawal was given to

2

the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

B. **PURPOSE OF THE SCHEME AND ARTIFICE**

12. In or about August of 2004, the defendant, devised and intended to devise a scheme and artifice to attempt to defraud US Bank and Horseshoe Casino, by obtaining and attempting to obtain money and funds of US Bank and Horseshoe Casino, that the defendant was not legally entitled to.

C. **THE SCHEME AND ARTIFICE**

As part of this scheme and artifice, Shawn L. Calhoun, did

13. Knowingly plan to deposit into his US Bank checking account a worthless check drawn on TCF Bank and attempt to take a cash advance on that check prior to the discovery by US Bank or Horseshoe Casino, that in fact the check deposited into his US Bank checking account was worthless.

14. On or about August 16, 2004, Shawn L. Calhoun, did cause to be deposited into his US Bank checking account a check in the amount $3700.00 which was drawn on a closed TCF Bank account with insufficient funds. The purpose of this deposit was to fraudulently inflate the available account balance of the defendant's US Bank checking account so that a cash debit withdrawal could be taken against this amount.

15. That on or about August 17, 2004, Shawn L. Calhoun did travel to the Horseshoe Casino in Hammond, Indiana, and did use the funds from this $3700.00 fraudulent transaction to engage in a $2800.00 debit card transaction.

3

16. That Shawn L. Calhoun did present his US Bank debit card to Horseshoe Casino officials and request that his checking account be debited for $2800.00 and that he be given $2800.00 cash.

## D. THE (WIRE) COMMUNICATION

On or about August 17, 2004, in the Northern District of Indiana,

### SHAWN L. CALHOUN

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from the Horseshoe Casino located in Hammond, Indiana, to Global Payments, a corporation with offices in Atlanta, Georgia, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $2800.00 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343.

4

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 16 of Count One of this indictment.

2. On or about August 17, 2004, in the Northern District of Indiana,

### SHAWN L. CALHOUN

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly use a US Bank debit card to attempt to engage in the unauthorized withdrawal of $2,800 from an account at US Bank, a financial institution insured by the Federal Deposit Insurance Corporation (FDIC);

All in violation of Title 18, United States Code, Section 1344.

A TRUE BILL:

S/ Foreperson
FOREPERSON


JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY


By:   S/ Philip C. Benson
      Philip C. Benson
      Assistant United States Attorney

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on
or After November 1, 1987)

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 2:05 CR 129 |
| | ) | USM No.: 08482-027 |
| SHAWN L. CALHOUN, | ) | |
| Defendant | ) | Clark Holesinger, |
| | | Attorney for Defendant |

**THE DEFENDANT** pleaded guilty to Count 2 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|---|
| Title 18, § 1344 | Bank Fraud | September 15, 2005 | 2 |

Count 1 is DISMISSED on motion of the United States.

Defendant is sentenced as provided in pages 2 and 3 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address, or material change in the defendant's economic circumstances until the restitution and special assessment imposed by this judgment are fully paid.

August 17, 2006
Date of Imposition of Judgment

/S James T. Moody
James T. Moody, Judge
United States District Court

August 17, 2006
Date Signed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 4/24/08

**Defendant: Shawn L. Calhoun**  **Judgment - Page 2**
**Cause No.: 2:05 CR 129**

## PROBATION

The defendant is hereby sentenced to probation for a term of Three (3) years.

### CONDITIONS OF SUPERVISION

While the defendant is on probation, the defendant shall not commit another federal, state or local crime, shall not unlawfully possess a controlled substance, shall refrain from any unlawful use of a controlled substance, shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the probation officer, and shall comply with the following standard conditions previously adopted by this Court:

1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or Probation Officer;
2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month;
3) The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;
4) The defendant shall support his dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer;
10) The defendant shall permit a Probation Officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer;

**Defendant: Shawn L. Calhoun**              Judgment - Page 3
**Cause No.: 2:05 CR 129**

11) The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) The defendant shall pay the restitution and special assessment imposed; and
15) The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid restitution and special assessment.

In addition, the defendant shall comply with the following special conditions:
1) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
2) The defendant shall pay the restitution that is imposed by this judgment in accordance with the court ordered payment of the restitution;
3) The defendant shall provide the probation officer with access to any requested financial information; and
4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the court ordered payment of the restitution.

### FINE
The Court is imposing no fine because of defendant's inability to pay.

### SPECIAL ASSESSMENT

The defendant must pay to the United States a special assessment of $100.00, which shall be paid in full immediately to the Clerk of this Court.

### RESTITUTION

It is further ordered that the defendant shall make restitution to U S Bank in the amount of $2,800.00. The restitution shall be paid in full immediately. Payment shall be made to the Clerk of the court for transfer to U S Bank.